IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MARLOW JORDAHL,** | ) | Case No. C-1-01-862 |
| | ) | (Dlott, J.) |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **DEFENDANT WATLOW ELECTRIC** |
| | ) | **MANUFACTURING COMPANY'S** |
| **WATLOW ELECTRIC** | ) | **MOTION FOR SUMMARY** |
| **MANUFACTURING COMPANY,** | ) | **JUDGMENT** |
| | ) | |
| **Defendant.** | ) | |

COMES NOW Defendant Watlow Electric Manufacturing Company ("Watlow"), by and through its undersigned attorneys, and pursuant to Rule 56(c) of the Federal Rules of Civil Procedure moves this Court to enter summary judgment in its favor and against Plaintiff Marlow Jordahl ("Plaintiff").

A memorandum in support is attached hereto. Watlow will file the deposition of Plaintiff with the Court under separate cover.

Dated: May 3, 2004                **GREENSFELDER, HEMKER & GALE, P.C.**

**/s/ Mary Ann L. Wymore**
Mary Ann L. Wymore, *pro hac vice*
Wendy M. Menghini, *pro hac vice*
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone (314) 241-9090
Facsimile (314) 241-9743

Harry J. Finke IV (#0018160)
Graydon Head & Ritchey LLP
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH 45201
Telephone (513) 621-6464
Facsimile (513) 651-3836

**MEMORANDUM**

**I.    INTRODUCTION**

After acting as a sales representative for Watlow for nearly three decades, Plaintiff Marlow Jordahl ("Plaintiff") disingenuously claims that Watlow improperly classified him as an independent contractor for twenty-seven years and that he was actually an employee -- contrary to the numerous agreements he executed with Watlow over the years.  In connection with his claims, Plaintiff now seeks back ERISA benefits despite the fact that he funded a self-employed Keough plan during and based on his engagement with Watlow as an independent contractor that is now worth just under one million dollars.

Not only is Plaintiff's claim absurd on its face, but it falls years outside the longest statute of limitations conceivably applicable for an ERISA cause of action.  Under federal law, the statute of limitations for Plaintiff's ERISA claim began to run on April 16, 1974, when Plaintiff first signed an agreement with Watlow identifying him as an independent contractor.  Because the longest statute of limitations arguably applicable to Plaintiff's claim is fifteen years, Plaintiff's twenty-seven year old claim is untimely and, therefore, fails as a matter of law.

**II.    STATEMENT OF FACTS**

**A.    The Parties.**

Watlow is a Missouri corporation and, at all relevant times herein, maintained its principal place of business in St. Louis, Missouri.  (Compl., ¶ 2.)   Plaintiff is a resident of Clermont County, Ohio.  (Compl., ¶ 1.)

**B.    Independent Sales Representative Relationship.**

On April 16, 1974, Watlow engaged Plaintiff as an independent sales representative in southwestern Ohio pursuant to an Agreement executed by Watlow and Plaintiff ("First

Agreement"). See Plaintiff's Responses to Watlow's First Request for Admissions; a true and correct of which copy is attached hereto as **Exhibit 1** and incorporated herein by reference.[1] The First Agreement provided, among other things: "REPRESENTATIVE shall occupy the position of an independent contractor with respect to the COMPANY in the conduct of his affairs and in any actions which he may undertake in the discharge of his duties under this contract." (Exh. 1, Exh. A p. 2.)

During the period April 16, 1974 through May 31, 1997, Plaintiff continued his engagement as a sales representative for Watlow in southwestern Ohio pursuant to a series of Sales Representation Agreements ("Sales Representation Agreements"), each of which provided, among other things, that Plaintiff was an independent contractor for Watlow. (Exh. 1, Exhs. B-O.)

In addition to the express language of these agreements, Plaintiff has admitted that he knew and understood prior to April 15, 1974, when he was preparing his taxes with an accountant, that he was engaged by Watlow as an independent contractor. See Plaintiff's Deposition at pp. 88-91; a true and correct copy of which is attached hereto as **Exhibit 2** and incorporated herein by reference. Moreover, for years, Plaintiff also took advantage of a tax-deferred Keough plan, available only to self-employed individuals. (Exh. 2. at pp. 595-596.) As of December 31, 2003, Plaintiff's Keough Plan was valued at $900,409.03. (Exh. 2 at pp. 601.)

**C.   Employment Relationship.**

On or about June 1, 1997, by mutual agreement, Plaintiff ceased being a sales representative for Watlow and instead was hired by Watlow pursuant to an Employment

---

[1] Copies of the agreements that Plaintiff entered into with Watlow are attached as Exhibits A through Q to Plaintiff's Responses to Watlow's First Request for Admissions. Watlow will hereinafter reference these agreements as "Exh. 1, Exh. A-Q p. __. "

Agreement. (Exh. 1, Exh. P p. 1.) Subsequently, Plaintiff entered into another employment agreement with Watlow on July 19, 2001. (Exh. 1, Exh. Q p. 1.) During his entire period of employment, Plaintiff did not function as an independent sales representative, but rather provided marketing and other services to Watlow. Plaintiff was employed by Watlow in that capacity until approximately October 23, 2001, at which point his employment was terminated. (Exh. 1, Exh. Q; Compl., ¶ 8.) Both of the agreements pursuant to which Plaintiff was engaged by Watlow as an actual employee contained Missouri choice of law provisions. (Exh. 1, Exh. P ¶ 14 and Exh. Q p. 3, ¶ 5.)

### D. Lawsuit.

Plaintiff filed the instant Complaint on December 12, 2001, alleging that between 1974 and 1997 Watlow had misclassified him as an independent contractor rather than an employee. (Compl., ¶¶ 3, 8.) Plaintiff seeks damages for retroactive ERISA benefits under 29 U.S.C. §§ 1001, *et seq.*, in connection with this purported improper classification. (Compl., ¶¶ 3, 8.)

### III. ARGUMENT

### A. Summary Judgment Standard.

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. F.R.C.P. 56(c). "By its very term, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 91 L.Ed. 2d 202, 106 S. Ct. 2505 (1986). In determining whether an issue of fact is genuine and material, the court must believe the non-moving party's evidence and draw all justifiable inferences in the non-moving party's favor. Id. at 255. When the moving party's evidence establishes that the claim is barred by the statute of limitations,

however, the moving party is entitled to summary judgment.  <u>Winterhalter v. Watson Wyatt & Co.</u>, 2004 U.S. App. LEXIS 1191, 25 (6th Cir. 2004) (upholding district court's entry of summary judgment because claim was barred by the statute of limitations).  As shown below, even considering the facts most favorable to Plaintiff, his claim for ERISA benefits herein is barred by the statute of limitations and, therefore, Watlow is entitled to judgment as a matter of law.

      **B.**      **Plaintiffs' Claim is Extinguished Under Even the Longest Statute of Limitations Applicable to his Claim for Pension Benefits Under ERISA.**

Section 29 U.S.C. § 1001, *et seq.*, ("ERISA")  does not contain a statute of limitations for actions to recover past pension benefits; therefore, the Court must apply the most analogous limitations law to Plaintiff's claim.  <u>Kienle v. Hunter Engineering Co.</u>, 24 F.Supp.2d 1004, 1006 (E.D. Mo. 1998), <u>aff'd</u>, 187 F.3d 641 (8th Cir. 1999); <u>Meade v. Pension Appeals and Review Comm.</u>, 966 F.2d 190, 194-95 (6th Cir. 1992).  In this District and Circuit, and in the Eastern District of Missouri, the corresponding state statute of limitations for breach of contract governs such ERISA claims.  <u>Id</u>.; <u>Hamilton v. Connecticut General Life Ins. Co.,</u> 799 F.Supp. 828, 831 (S.D. Ohio 1992); <u>Kienle</u>, 24 F.Supp.2d at 1006.  The agreement pursuant to which Plaintiff was engaged by Watlow on July 19, 2001 contained a choice of law provision specifying that Missouri law applied to the contract. (Exh. 1, Exh. Q, p. 3 ¶ 5.)  Missouri's statute of limitations for breach of contract actions is ten years.  <u>Kienle</u>, 24 F.Supp.2d 1006; Mo. Rev. Stat. § 516.110(1) (2002).  Even if Ohio law is applicable, however, Plaintiff's claim would be governed by Ohio's fifteen year breach of contract limitations period.  <u>Meade</u>, 966 F.2d at 195; Ohio Rev. Code § 2305.06 (2002).

Thus, regardless of which limitations period applies, Plaintiff's claim herein is untimely because it accrued more than twenty-seven years ago when Plaintiff signed the First Agreement in 1974 expressly stating that he was an independent contractor and not an employee.  (Exh. 1,

Exh. A p. 2.)  Although state law determines which statute of limitations should apply, it does not dictate when the limitations period accrues.  Rather, federal law "determines the date on which the statute begins to run."  Bennett v. Federated Met. Ins. Co., 141 F.3d 837, 838 (8th Cir. 1998); Union Pac. R.R. Co. v. Beckham, 138 F.3d 325, 330 (8th Cir. 1998), cert. denied, 525 U.S. 817, 142 L. Ed. 2d 43, 119 S. Ct. 56 (1998); Michigan United Food and Commercial Workers Unions and Drug and Mercantile Employees Joint Health and Welfare Fund v. Muir Co., Inc., 992 F.2d 594, 598 (6th Cir. 1993).

     Under federal law, it is well settled that a claim for ERISA benefits accrues when the individual is first made aware that he/she will not receive benefits.  An individual may acquire such knowledge "before a formal denial [of a claim for benefits], and even before a claim for benefits is filed, when there has been a repudiation by the fiduciary which is *clear* and made known to the beneficiary."  Bennett, 141 F.3d at 83.  A repudiation triggers the statute of limitations, even in the absence of a formal application, when the individual discovers or with due diligence should have discovered that he/she is considered an independent contractor.  Tinley v. Gannett Co. Inc., 2003 U.S. App. LEXIS 299, 12 (3rd Cir. 2003) (rejecting continuing violation theory and holding that statute began to run when the company unequivocally notified the plaintiffs that they were excluded from the Plan).  See also, Brennan v. Metropolitan Life Ins. Co., 275 F.Supp. 2d 406, 409 (S.D.N.Y. 2003) (citations omitted)) (noting that "all of the district courts that have considered claims made by individuals who were classified or treated as independent contractors have held that the statute of limitations begins to run when the beneficiary first learns that she is considered an independent contractor and is therefore not entitled to benefits").

Every court that has addressed this particular issue has held that an individual's claim for retroactive ERISA benefits accrues when the individual signs the first independent contractor agreement. Kienle v. Hunter Engineering Co., 24 F.Supp.2d 1004, 1006 (E.D. Mo. 1998), aff'd, 187 F.3d 641 (8th Cir. 1999); Kryzer v. BMC Profit Sharing Plan, 2001 U.S. Dist. LEXIS 18300, 1-2 (D. Minn. 2001). In Kryzer v. BMC Profit Sharing Plan, the individual signed numerous annual independent contractor agreements with the company until he was finally hired as a salaried employee. 2001 U.S. Dist. LEXIS 18300, 1-2 (D. Minn. 2001). After the individual's employment was terminated, he filed an action seeking to recover retroactive pension benefits under ERISA, 29 U.S.C. § 1132, for the period that he was classified as an independent contractor. Id. at 3. The district court granted defendant's motion to dismiss and/or for summary judgment, holding that the individual's claim was barred by the statute of limitations. Id. at 10. Specifically, the court reasoned that:

> Kryzer knew, or should have known, that the Plan would not consider him eligible for benefits under the Plan when he signed the first independent contractor agreement that clearly provided that he would not be considered an employee of Vision-Ease. He thus should have known that at that time, the Plan would repudiate any and all claims he would make for benefits.

Id. Similarly, in Kienle, the plaintiff signed a sales representative agreement which provided: "it is the essence of this Agreement that the Sales Representative is a self-employed independent business person [and] …shall not be considered or deemed in any way to be an employee of the Company…" Kienle, 24 F.Supp.2d at 1005. The plaintiff later brought an action for benefits against the company and the ERISA plan, arguing that he was wrongfully prohibited from participating in the plan by designating him an independent contractor. Id. The district court held that the claim for ERISA benefits was time-barred because the cause of action accrued on the date the individual initially entered into the sales representative agreement. Id. at 1006-1007.

From these cases it is clear that Plaintiff knew or should have known that he was ineligible for benefits when he signed the First Agreement in April of 1974. The First Agreement expressly stated that Plaintiff was an independent contractor and therefore, Watlow made it clear to Plaintiff at that time that he was not eligible for any benefits reserved solely for employees of Watlow. (Exh. 1, Exh. A p. 2.) Thus, under <u>Kienle</u> and <u>Kryzer</u>, it is beyond dispute that Plaintiff's cause of action accrued at that repudiation of benefits and the limitations period on Plaintiff's claim began to run when the First Agreement was signed in April of 1974. (Exh. 1, Exh. A.)

Moreover, Plaintiff testified at his deposition that he knew and understood, prior to April 15, 1975, when he was preparing his taxes with an accountant, that he was engaged by Watlow as an independent contractor. (Exh. 2, p. 88-91.) Plaintiff's knowledge and state of mind are further evidenced by his continued participation in a Keough plan, available only to self-employed individuals, now worth nearly one million dollars. (Exh. 2, p. 595-596 and 601.) Even if Ohio's longer fifteen year statute of limitations governs Plaintiff's claim, the limitations period on Plaintiff's claim began to run more than twenty-seven years prior to the filing of Plaintiff's Complaint. Thus, Plaintiff's claim is clearly extinguished under either Missouri's ten year statute of limitations period or Ohio's fifteen year statute of limitations for contract actions. Plaintiff's claim thus fails, in its entirety, as a matter of law.

## IV.   <u>CONCLUSION</u>

Plaintiff's Complaint fails as a matter of law because Plaintiff cannot establish any facts that avoid operation of the statute of limitations to bar his alleged claim herein. Watlow therefore respectfully requests that this Court enter an Order granting Watlow's Motion for

Summary Judgment, dismissing Plaintiff's Complaint in its entirety with prejudice, and granting any such other and further relief this Court deems just and proper.

Dated: May 3, 2004          **GREENSFELDER, HEMKER & GALE, P.C.**

         **/s/ Mary Ann L. Wymore**
         Mary Ann L. Wymore, *pro hac vice*
         Wendy M. Menghini, *pro hac vice*
         10 South Broadway, Suite 2000
         St. Louis, Missouri  63102
         Telephone (314) 241-9090
         Facsimile (314) 241-9743

         Harry J. Finke IV (#0018160)
         Graydon Head & Ritchey LLP
         1900 Fifth Third Center
         P.O. Box 6464
         Cincinnati, OH  45201
         Telephone (513) 621-6464
         Facsimile (513) 651-3836

         **Attorneys for Defendant Watlow Electric Manufacturing Company**

## CERTIFICATE OF SERVICE

     I hereby certify that on May 3, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Edward S. Dorsey, Esq., Lindhorst & Dreidame, Suite 2300, 312 Walnut Street, Cincinnati, Ohio 45202-4091, Trial Attorney for Plaintiff.

         **/s/ Mary Ann L. Wymore**
         Mary Ann L. Wymore, *pro hac vice*
         10 South Broadway, Suite 2000
         St. Louis, Missouri  63102
         Telephone (314) 241-9090
         Facsimile (314) 241-9743