IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MARLOW JORDAHL, | Case No. C-1-01-862 |
| Plaintiff, | District Judge: Susan J. Dlott |
| vs. | **DEFENDANT WATLOW ELECTRIC MANUFACTURING COMPANY'S RESPONSES TO PLAINTIFF'S COMBINED INTERROGATORIES, REQUESTS FOR ADMISSION AND REQUESTS FOR PRODUCTION** |
| WATLOW ELECTRIC MANUFACTURING COMPANY, | |
| Defendant. | |

COMES NOW Defendant Watlow Electric Manufacturing Company ("Watlow"), through its undersigned counsel and pursuant to Rules 33, 34 and 36 of the Federal Rules of Civil Procedure hereby responds to Plaintiff Marlow Jordahl's Combined Interrogatories, Requests for Admission and Requests for Production ("Discovery Responses") as follows:

### General Objections

Watlow makes the following general objections with respect to each and all of Plaintiff's interrogatories, requests for admissions and requests for documents and things:

1.      These responses are made solely for purposes of this civil action. Each response is subject to any and all objections as to competency, relevancy, materiality, propriety and admissibility, and to any and all other objections and grounds that would require the exclusion of any information provided herein and/or any documents identified or produced herein if any information contained in any of said documents was asked of or made by a witness present and testifying in court, all of which objections and grounds are hereby expressly reserved and may be interposed later at or before the time of trial.

554155v1

2. Watlow has not completed its investigation of this action, has not completed discovery, and has not completed trial preparation. The responses hereinafter are based on Watlow's knowledge, information and belief at this time, and are made without prejudice to the objections set forth herein. Watlow specifically reserves the right to amend and/or supplement its responses to Plaintiff's Discovery Requests at any time or to introduce facts or to identify documents not contained or identified herein if it should appear at any time that omissions or errors have been made or if it obtains additional or more accurate information. Watlow further reserves the right to rely upon such facts or documents, and persons having knowledge of such facts or documents, as may be derived through future discovery or through its continuing investigation in this matter or as may be adduced at trial.

3. The following responses are based upon information and writings presently available to and located by Watlow and its attorneys and, except for explicit facts expressly set forth herein, no incidental or implied admissions are intended hereby. The fact that Watlow has responded or objected to any request for documents or things, interrogatory or request for admission or part thereof should not be taken as an admission that Watlow accepts or admits the existence of any "facts" set forth or assumed by such request, or that Watlow's response or objection constitutes admissible evidence. The fact that Watlow has responded to part or all of any request for documents or things, interrogatory or request for admission is not intended to be and shall not be construed to be a waiver by Watlow of all or any part of any objection to any request for documents or things, interrogatory or request for admission made herein.

4. To the extent any or all of the requests for documents and things, interrogatories and requests for admission seek documents or information prepared in anticipation or defense of litigation or for trial, or for documents covered by the attorney work product doctrine or

protected from disclosure by the attorney-client privilege, Watlow objects to each and every such request, and thus will not supply or render any information protected from disclosure by any applicable privilege.

5. Watlow objects to the Discovery Requests to the extent they seek documents or information that fall outside the statute of limitations applicable to Plaintiff's claims.

6. Watlow objects to the Discovery Requests to the extent they seek documents or information that relate to sales representatives engaged by Watlow outside the United States and Canada because this information is not relevant to the subject matter of the instant action and is not reasonably calculated to lead the discovery of admissible evidence, and thus all responses herein refer and relate only to sales representatives engaged by Watlow in the United States and Canada.

7. Watlow objects to the Discovery Requests to the extent they seek to impose on Watlow obligations beyond the scope of those prescribed in the Federal Rules of Civil Procedure.

These general objections are hereby incorporated into each specific response below.

### Specific Responses

**Interrogatory No. 1:** State the name, address, and job title of each person answering or assisting in answering these interrogatories and indicate which interrogatory answer each contributed and the nature of his or her contribution.

**ANSWER:** Watlow objects to this interrogatory to the extent it seeks information which is protected from disclosure by the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objections, Watlow states that Robin Carmody, Steve Bohnenkamp, Henry

Rzonca and Mike Butts assisted in answering the following interrogatories.

**Interrogatory No. 2:** Identify all Watlow sales representatives from 1973 through 1995. (Please note the definition of "sales representative" stated above.)

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory is unduly burdensome and (3) the interrogatory seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 3:** Describe all steps taken by Watlow to limit its IRS audit exposure for FICA, FUTA, and other employment taxes, or for tax liabilities associated with, the classification of the sales representatives engaged by Watlow as independent contractors, and state the date each step was taken.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time, (2) the interrogatory is unduly burdensome, (3) the interrogatory is vague and ambiguous and (4) the interrogatory requires Watlow to form a legal conclusion. Subject to and without waiving the foregoing objections, Watlow states that at all times it treated the sales representatives engaged by Watlow as independent contractors and at all times attempted to comply with then existing Internal Revenue Service regulations and other criteria pertaining to such designation. By way of further response, see Watlow's response to Plaintiff's Request for Production No. 3 below.

**Interrogatory No. 4:** For each claim, action, and/or lawsuit, whether formal or informal, asserted against Watlow by either current or former Watlow sales representatives based in whole or in part upon Watlow's classification of such person as an independent contractor, state the

4

name and address of the person who asserted the claim, and identify any Court and Case Number in which such claim was asserted.

> **ANSWER:** Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope and (2) the interrogatory seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 1:** For each of the claims identified in the answer to the prior interrogatory, produce the following documents:

> a. Any correspondence or other documents relating to such claims;
> b. Any pleadings filed regarding such claims;
> c. Any documents produced by Watlow in discovery regarding such claims;
> d. Any transcripts of depositions taken regarding such claims; and
> e. Any settlement agreements or other documents resolving such claims or relating to the resolution of such claims.

> **ANSWER:** Watlow objects to this request on the following grounds: (1) the request is overly broad in time and scope, (2) the request is unduly burdensome, (3) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence, (4) the request potentially seeks documents which are protected from disclosure by the attorney-client privilege and/or work product doctrine and (5) the requests seek documents pertaining to third parties who are not parties to this lawsuit and disclosure of which may constitute an invasion of privacy.

**Request for Admission No. 1:** Admit that during Plaintiff's tenure with Watlow, Watlow, either explicitly, demanded that the sales representatives engaged by Watlow be exclusive to Watlow, that is, that Watlow's sale representatives were prohibited from also selling products of other businesses.

5

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow admits that prior to January of 1990, Watlow's Sales Representation Agreements prohibited the sales representatives engaged by Watlow from selling products of other businesses. Except as expressly admitted herein, Watlow denies this request for admission.

**Request for Admission No. 2:** Admit that during Plaintiff's tenure as a sales representative with Watlow, all sales representatives were exclusive with Watlow, that is, they all sold only Watlow products and did not sell products of any other businesses.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope, (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow denies this request for admission.

**Interrogatory No. 5:** If you do not admit Request for Admission No. 2, identify each sales representative who, during Plaintiff's tenure with Watlow, also sold products of another business, identify the business he represented, the time periods he represented them, and produce any documents relating to such representation.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory is unduly burdensome, (3) the interrogatory seeks information that is not

relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (4) the interrogatory asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow states that between January of 1990 and May of 1997 the sales representatives engaged by Watlow were not prohibited from selling products of other businesses. By way of further response, Watlow states that, for example, while Steve Bohnenkamp was engaged by Watlow as a sales representative he was also licensed to sell insurance in the State of Ohio in the early 1980's, he participated in a company that assisted in reducing individuals' real estate taxes between 1986 and 1989 and he entered into an agency agreement for CruiseOne, a company specializing in selling cruises, in or about 1994 or 1995.

**Request for Admission No. 3:** Admit that Watlow, either explicitly or implicitly, demanded that Plaintiff be exclusive with Watlow, that is, it prohibited Plaintiff from selling products of other businesses while he was a Watlow sales representative.

ANSWER: Watlow objects to this request for admission on the grounds that it is overly broad in time. Subject to and without waiving the foregoing objection, Watlow admits that prior to January of 1990 Plaintiff was prohibited from selling products of other businesses pursuant to his Sales Representation Agreements with Watlow. Except as expressly admitted herein, Watlow denies this request for admission.

**Request for Admission No. 4:** Admit that while Plaintiff was a sales representative for Watlow, he was exclusive with Watlow, that is, he never sold products of any other business.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and (2) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow states that upon inquiry the information known or readily available to Watlow does not enable Watlow to admit or deny this request for admission.

**Interrogatory No. 6:** If you do not admit Request for Admission No. 4, identify each other business for whom Plaintiff sold products while he was a Watlow sales representative, the time period of which he did so, and produce any documents relating to Plaintiff's sales for such other business.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and (2) the interrogatory asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow states that it does not have sufficient information or knowledge to answer this interrogatory.

**Request for Admission No. 5:** Admit that during Plaintiff's tenure as a sales representative, Watlow sales representatives requested permission to sell products of other businesses besides Watlow, and that Watlow consistently denied those requests.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow admits that prior to January of 1990 Watlow's Sales Representation Agreements prohibited the sales representatives engaged by Watlow from selling products of other businesses and further admits

8

that, during this time period, all requests to sell products of other businesses by the sales representatives engaged by Watlow would have been denied. Except as expressly admitted herein, Watlow denies this request for admission.

**Interrogatory No. 6:** If you deny Request for Admission No. 5 because Watlow granted a request of a sales representative to sell products of another business, identify the sales representative(s) whose request(s) was (were) granted, identify the other businesses involved, and produce all documents relating to such request(s) and the granting of such.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory is unduly burdensome, (3) the interrogatory seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (4) the interrogatory asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow states that between January of 1990 and May of 1997 the sales representatives engaged by Watlow were not prohibited from selling products of other businesses. By way of further response, see Watlow's response to Interrogatory No. 5 above.

**Request for Admission No. 6:** Admit that during Plaintiff's tenure as a sales representative, Watlow sales representatives were offered health insurance coverage under a health insurance policy sponsored by Watlow.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible

9

evidence. Subject to and without waiving the foregoing objections, Watlow admits that between December of 1986 and May of 1997 the sales representatives engaged by Watlow were offered health insurance coverage under a health insurance policy sponsored by Watlow.

**Interrogatory No. 7:** If you admit Request for Admission No. 6, state the terms on which Watlow sponsored health insurance was offered to sales representatives during Plaintiff's tenure as a sales representative, state whether those terms were the same or different than those on which health insurance was offered to Watlow employees, and describe any material differences between the health insurance offered to Watlow employees and that offered to Watlow sales representatives.

<u>ANSWER:</u>   Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory is unduly burdensome and (3) the interrogatory seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow states that between December of 1986 and May of 1997 it paid one half of the premiums for the health insurance it offered the sales representatives it engaged, the health insurance coverage was optional and, if the sales representative elected to receive this health insurance coverage, Watlow deducted the premiums for this coverage from the sales representative's commission checks. By way of further response, Watlow states that it will produce copies of the health insurance plan documents for its employees and sales representatives in its possession, custody or control for the period December of 1986 through May of 1997.

**Request for Admission No. 7:** Admit that during Plaintiff's tenure as a sales representative with Watlow, sales representatives submitted to Watlow all of their business expenses incurred as a sales representative, and Watlow reimbursed them for those expenses.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow denies that between December of 1986 and May of 1997 it reimbursed the sales representatives engaged by Watlow for all of the business expenses they incurred as sales representatives.

**Interrogatory No. 9:** If you deny Request for Admission No. 7, for the period of Plaintiff's tenure as a sales representative, identify what business expenses incurred by sales representatives that Watlow did reimburse and those it did not reimburse, and produce any documents relating to any policy controlling such reimbursement.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory is unduly burdensome and (3) the interrogatory seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow states that between December of 1986 and May of 1997 its policies regarding reimbursing the sales representatives engaged by Watlow for certain business expenses were modified and/or changed. By way of further response, Watlow states that at certain times between December of 1986 and May of 1997 it provided the sales representatives engaged by Watlow with a car

allowance and reimbursed them for lodging, meals, airfare, car phones, auto mileage, entertainment, auto rental, parking, gasoline, office rent, office phone, office supplies, office equipment maintenance and support staff salaries. At other times between December of 1986 and May of 1997, Watlow did not reimburse their sales representatives for certain of these expenses. Furthermore, Watlow will produce any documents in its possession, custody or control regarding its reimbursement policies during the period December of 1986 through May of 1997.

**Request for Admission No. 8:** Admit that while Plaintiff was a sales representative, Watlow reimbursed all business expenses incurred by him as a sales representative.

**ANSWER:** Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and (2) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow denies that it reimbursed Plaintiff for all business expenses incurred by him as a sales representative between December of 1986 and May of 1997.

**Request for Admission No. 9:** Admit that during his tenure as a sales representative, Watlow reimbursed Plaintiff for all office expenses incurred by him, including rent, office supplies, office equipment, and all other office-related expenses.

**ANSWER:** Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and (2) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow denies that it reimbursed Plaintiff for all office expenses, including rent, office supplies,

office equipment and all other office-related expenses, incurred by him as a sales representative between December of 1986 and May of 1997.

**Request for Admission No. 10:** Admit that during his tenure as a sales representative, Watlow reimbursed Plaintiff for all expenses incurred in connection with any support staff hired to assist him in the performance of his duties.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and (2) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow denies that it reimbursed Plaintiff for all expenses incurred in connection with any support staff assisting Plaintiff in the performance of his duties as a sales representative between December of 1986 and May of 1997.

**Request for Admission No. 11:** Admit that during his tenure as a sales representative, Watlow reimbursed Plaintiff for all traveling expenses incurred by him for business travel.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time, (2) the request asks for information outside Watlow's knowledge and control and (3) the request is vague and ambiguous as to the meaning of the term "traveling expenses." Subject to and without waiving the foregoing objections, and subject to its understanding of the request, Watlow states that upon inquiry the information known or readily available to Watlow does not enable Watlow to admit or deny this request for admission.

**Interrogatory No. 9:** If you do not admit Requests for Admission Nos. 8, 9, 10, and/or 11, for the period of Plaintiff's tenure as a sales representative, identify what business expenses incurred by Plaintiff that Watlow did reimburse and those it did not reimburse, and produce any documents relating to any policy controlling such reimbursement.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the request is overly broad in time, (2) the request is unduly burdensome and (3) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, see Watlow's response to Plaintiff's First Interrogatory No. 9 above. By way of further response, Watlow states that it will produce all of the expense reports in its possession, custody or control that Plaintiff submitted to Watlow between December of 1986 and May of 1997.

**Request for Admission No. 12:** Admit that while Plaintiff was a sales representative, he operated exclusively under the name "Watlow" (including variants such as, without limitation, "Watlow Electric", "Watlow Electric Manufacturing Company") and not under the name of any other business.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and (2) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objection, Watlow states that upon inquiry the information known or readily available to Watlow does not enable Watlow to admit or deny this request for admission.

**Request for Admission No. 13:** Admit that while Plaintiff was a sales representative, the signage at his office referred only to "Watlow" (and its variants) and not to any other business.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and (2) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objection, Watlow states that upon inquiry

the information known or readily available to Watlow does not enable Watlow to admit or deny this request for admission.

**Request for Admission No. 14:** Admit that while he was a sales representative, Plaintiff only used letterhead, business cards, and other business paper which referred only to "Watlow" (and its variants) and not to any other business.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and (2) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objection, Watlow states that upon inquiry the information known or readily available to Watlow does not enable Watlow to admit or deny this request for admission.

**Interrogatory No. 10:** If you do not admit Requests for Admission Nos. 12, 13, and/or 14, identify any other business name used by Plaintiff as a sales representative, the ways in which that name was used (i.e., as office signage, on letterhead, business cards, etc.) and the time period(s) such name(s) was (were) used.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the request is overly broad in time and scope, (2) the request is unduly burdensome and (3) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow states that it does not have sufficient information or knowledge to answer this interrogatory.

**Request for Admission No. 14:** Admit that Watlow classified sales representatives as independent contractors without negotiation over that classification with any sales representative.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action

15

and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow denies that it classified the sales representatives engaged by Watlow as independent contractors without seeking their input regarding this classification.

**Interrogatory No. 11:** If you do not admit Request for Admission No. 14, describe all negotiations with any sales representative over his classification as an independent contractor, identify the sales representative, identify the person(s) at Watlow responsible for those negotiations, give the dates on which those negotiations occurred, and produce any documents relating to such negotiations.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory is unduly burdensome and (3) the interrogatory seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow states that at all relevant times herein it solicited input from the sales representatives engaged by Watlow regarding their classification as independent contractors. By way of further response, Watlow states that it will produce all documents in its possession, custody or control regarding these efforts between December of 1986 and May of 1997.

**Request for Admission No. 15:** Admit that Watlow never negotiated with Plaintiff over his classification as an independent contractor.

ANSWER: Watlow objects to this request for admission on the grounds that it is overly broad in time. Subject to and without waiving the foregoing

16

objection, Watlow denies that it never negotiated with Plaintiff over his classification as an independent contractor.

**Interrogatory No. 12:** If you do not admit Request for Admission No. 15, describe any negotiations Watlow had with Plaintiff on his being classified as an independent contractor, identify the person(s) responsible for such negotiations for Watlow, state the dates on which such negotiations occurred, and produce any documents relating to such negotiations.

> **ANSWER:** Watlow objects to this interrogatory on the following grounds: (1) this interrogatory is overly broad in time; and (2) this interrogatory is vague and ambiguous as to the meaning of the term "negotiations." Subject to and without waiving the foregoing objections, and further subject to its understanding of the interrogatory, Watlow states that it will produce all documents in its possession, custody or control that reflect Watlow's negotiations and discussions with Plaintiff regarding his classification as an independent contractor.

**Request for Admission No. 16:** Admit that during Plaintiff's tenure as a sales representative, sales representatives had to submit periodically (i.e., weekly or monthly) call reports providing Watlow with the following information: the name of the business upon whom a sales call was made; the name of the contact at that business; the time of the sales call; the substance of the discussion during the sales call; and the sales representative's intended follow-up to the call.

> **ANSWER:** Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow admits that between December of 1986 and May of 1997 Watlow required the sales representatives it engaged to submit trip reports to