Watlow, detailing the name of the company contacted, the contact person and the substance of the contact. Except as expressly admitted herein, Watlow denies this request for admission.

**Request for Admission No. 17:** Admit that during Plaintiff's tenure as a sales representative, Watlow expected sales representatives to spend all of their time during normal working hours on Watlow business and/or pursuing sales for Watlow.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow denies that between December of 1986 and May of 1997 Watlow expected the sales representatives engaged by Watlow to spend all of their time during normal working hours on Watlow business and/or pursuing sales for Watlow.

**Request for Admission No. 18:** Admit that during some of his tenure as a sales representative for Watlow, Plaintiff supervised other Watlow sales representatives.

ANSWER: Watlow objects to this request for admission on the grounds that it is overly broad in time. Subject to and without waiving the foregoing objection, Watlow states that upon inquiry the information known or readily available to Watlow does not enable Watlow to admit or deny this request for admission.

**Interrogatory No. 13:** Identify every sales representative supervised by Plaintiff, state the time periods he supervised each, and produce any documents relating to his supervision of them.

ANSWER: Watlow objects to this interrogatory on the grounds that is overly broad in time. Subject to and without waiving the foregoing objection, Watlow states that it does not have sufficient information or knowledge to answer this interrogatory.

**Request for Admission No. 19:** Admit that all sales representatives supervised by Plaintiff were selected for their positions by Watlow.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow admits that it selected all of the sales representatives it engaged between December of 1986 and May of 1997. By way of further response, Watlow states that upon inquiry the information known or readily available to Watlow does not enable Watlow to admit or deny the remaining portions of this request for admission.

**Request for Admission No. 20:** Admit that all sales representatives supervised by Plaintiff entered into sales representative contracts directly with Watlow.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow admits that it entered into Sales Representation Agreements with

all of the sales representatives it engaged between December of 1986 and May of 1997. By way of further response, Watlow states that upon inquiry the information known or readily available to Watlow does not enable Watlow to admit or deny the remaining portions of this request for admission.

**Request for Admission No. 21:** Admit that during Plaintiff's tenure as a sales representative, the services provided by the sales representatives were an integral part of Watlow's business operations.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope, (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the request is vague and ambiguous, as to the term "integral." Subject to and without waiving the foregoing objections, and further subject to its understanding of the request, Watlow admits that between December of 1986 and May of 1997 the services provided by the sales representatives engaged by Watlow were an important part of Watlow's business operations.

**Request for Admission No. 22:** Admit that during Plaintiff's tenure as a sales representative, Watlow provided sales training to the sales representatives engaged by Watlow.

ANSWER: Watlow objects to this request on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow admits

that between December of 1986 and May of 1997 it provided the sales representatives engaged by Watlow with sales training.

**Interrogatory No. 14:** Describe all training programs Watlow provided for sales representatives during Plaintiff's tenure as a sales representative.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory is unduly burdensome and (3) the interrogatory seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow states that it will produce all documents in its possession, custody or control that evidence Watlow training programs that Plaintiff may have attended between December of 1986 and May of 1997.

**Request for Admission No. 23:** Admit that during Plaintiff's tenure as a sales representative, each sales representative was required to perform services personally on behalf of Watlow rather than through the use of the sales agent's employees, contractors or agents.

ANSWER: Watlow objects to this request on the following grounds: (1) the request is overly broad in time and scope; (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the request is vague and ambiguous as to the meaning of the term "required." Subject to and without waiving the foregoing objections, and further subject to its understanding of the request, Watlow admits that between December of 1986 and May of 1997 the sales representatives it

engaged were expected to perform the obligations under their Sales Representation Agreements with Watlow personally.

**Request for Admission No. 24:** Admit that during Plaintiff's tenure as a sales representative, all Watlow sales representatives performed all sales work for Watlow personally and not through their employees, contractors, or other agents.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope, (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the request seeks information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow states that upon inquiry the information known or readily available to Watlow does not enable Watlow to admit or deny this request for admission.

**Interrogatory No. 15:** If you do not admit Requests for Admission Nos. 22 and/or 23, identify each sales representative who used employees, contractors, or agents to perform sales work for Watlow, the time periods that they did so, identify the employees, contractors, and/or agents used by them, and produce all documents relating to such employees, contractors, or agents.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the interrogatory asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing

22

objections, Watlow states that it does not have sufficient information or knowledge to answer this interrogatory.

**Request for Admission No. 25:** Admit that Plaintiff had no financial investment in his position as a sales representative.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope, (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence, and (3) the request is vague and ambiguous, as to the term "financial investment." Subject to and without waiving the foregoing objections, and further subject to its understanding of the request, Watlow states that upon inquiry the information known or readily available to Watlow does not enable Watlow to admit or deny this request for admission.

**Interrogatory No. 16:** If you do not admit Request for Admission No. 24, describe Plaintiff's financial investment in his position as a sales representative.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the interrogatory asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow states that it does not have sufficient information or knowledge to answer this interrogatory.

**Request for Admission No. 26:** Admit that during Plaintiff's tenure as a sales representative, Watlow paid sales representatives a draw against commissions.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Watlow admits that between December of 1986 and May of 1997 it allowed the sales representatives it engaged to draw against their commissions, as outlined in their respective Sales Representation Agreements.

**Request for Admission No. 27:** Admit that during Plaintiff's tenure as a sales representative, Watlow required sales representatives to sign non-competition agreements.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope; (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the request is vague and ambiguous as to the meaning of the term "required." Subject to and without waiving the foregoing objections, and further subject to its understanding of the request, Watlow admits that between December of 1986 and May of 1997 its Sales Representation Agreements with sales representatives a contained non-competition provision.

**Interrogatory No. 17:** If you do not admit Request for Admission No. 26, identify each sales representative during Plaintiff's tenure as a sales representative who did not sign a non-competition agreement.

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the requests seeks information pertaining to third parties who are not parties to this lawsuit and disclosure of which may constitute an invasion of privacy.

**Request for Admission No. 28:** Admit that during Plaintiff's tenure as a sales representative, sales representatives were terminable at-will by Watlow.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope, (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the request calls for a legal conclusion. Subject to and without waiving the foregoing objections, Watlow admits that between December of 1986 and May of 1997 its Sales Representation Agreements with the sales representatives engaged by Watlow were terminable at will by either Watlow or the sales representative.

**Request for Admission No. 29:** Admit that Plaintiff, as a sales representative, was terminable at-will by Watlow.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and (2) the request calls for a legal

25

conclusion Subject to and without waiving the foregoing objections, Watlow admits that between December of 1986 and May of 1997 Plaintiff's Sales Representation Agreements with Watlow were terminable at will by either Watlow or Plaintiff.

**Interrogatory No. 18:** Identify each sales representative terminated by Watlow during the period from 1974 through 1995, state the reason(s) for Watlow's decision to terminate, and produce all documents relating to such termination(s).

ANSWER: Watlow objects to this interrogatory on the following grounds: (1) the interrogatory is overly broad in time and scope, (2) the interrogatory is unduly burdensome and (3) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (4) the interrogatory seeks information pertaining to third parties who are not parties to this lawsuit and disclosure of which may constitute an invasion of privacy.

**Request for Admission No. 30:** Admit that during Plaintiff's tenure as a sales representative, sales representatives did not advertise their services as sales representatives to other businesses.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope, (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow states that upon inquiry the information known or

readily available to Watlow does not enable Watlow to admit or deny this request for admission.

**Request for Admission No. 31:** Admit that Plaintiff did not advertise his services as a sales representative to other businesses.

ANSWER: Watlow objects to this request for admission on the following grounds: (1) the request is overly broad in time and scope and (2) the request asks for information outside Watlow's knowledge and control. Subject to and without waiving the foregoing objections, Watlow states that upon inquiry the information known or readily available to Watlow does not enable Watlow to admit or deny this request for admission.

**Request for Production No. 2:** Produce all organizational charts used by Watlow at any time from 1974 through 1995 that reference in any way sales representatives.

ANSWER: Watlow objects to this request on the following grounds: (1) the request is overly broad in time and scope, (2) the request seeks information that is not relevant to the subject matter of the instant action and is not reasonably calculated to lead to the discovery of admissible evidence and (3) the request is vague and ambiguous as to the meaning of the term, "organization charts." Subject to and without waiving the foregoing objections, and further subject to its understanding of the request, Watlow states that it is not aware of any documents in its possession, custody or control responsive to this request.

**Request for Production No. 3:** Produce all documents relating to Watlow's recognition of potential liability regarding sales representatives being reclassified as employees, including documents discussing that nature of that potential liability, the damages connected with that potential liability, and how to deal with that potential liability.

27

ANSWER: Watlow objects to this request on the following grounds: (1) the request is overly broad in time and (2) the request seeks documents that are protected from disclosure from the attorney-client privilege and/or work-product doctrine. Subject to and without waiving the foregoing objection, Watlow states that it will produce all responsive documents in its possession, custody or control for the period December of 1986 through May of 1997.

**Request for Production No. 4:** For the period from 1974 through 1995, produce the summary plan descriptions for all pension plans, Section 401(k) plans, and other similar benefits plans Watlow sponsored for its employees.

ANSWER: Watlow objects to this request on the grounds that it is overly broad in time. Subject to and without waiving the foregoing objection, Watlow states that it will produce all summary plan descriptions in its possession, custody or control for the pension plans, 401(k) plans and other benefit plans it offered its employees between December of 1986 and 1995.

**Request for Production No. 5:** Produce Plaintiff's employment file, and any other files relating to his being a sales representative.

ANSWER: Watlow objects to this request on the grounds that it is vague and ambiguous as to the meaning of the phrase "employment file." Subject to and without waiving the foregoing objection, and further subject to its understanding of this request, Watlow states that it does not maintain "employment" files on the sales representatives engaged by Watlow. By way of further response, Watlow states that it will produce copies of any files it maintained regarding Plaintiff while he was engaged as a sales representative, except for documents, if any, which are protected from

disclosure by the attorney-client privilege and/or work product doctrine. By way of further response, Watlow states that it will also produce a copy of the "personnel file" Watlow maintained regarding Plaintiff while he was engaged as an employee of Watlow.

**Request for Production No. 6:** Produce all files relating to any training given to Plaintiff while he was a sales representative.

> **ANSWER:** Watlow objects to this request on the grounds that it is overly broad in time. Subject to and without waiving the foregoing objection, Watlow states that it does not have any "files" relating to training given to Plaintiff in its possession, custody or control. By way of further response, Watlow states that it will produce all documents in its possession, custody or control that evidence Watlow training programs that Plaintiff may have attended between December of 1986 and May of 1997.

**Request for Production No. 7:** Produce all expense reports from Plaintiff when he was a sales representative.

> **ANSWER:** Watlow objects to this request on the grounds that it is overly broad in time. Subject to and without waiving the foregoing objections, Watlow states that it will produce all of the expense reports in its possession, custody or control that Plaintiff submitted to Watlow between December of 1986 and May of 1997.

**Request for Production No. 8:** For the period from 1974 through 1995, produce plan documents for all pension plans, section 401(k) plans, and other similar benefit plans Watlow sponsored for its employees.

> **ANSWER:** Watlow objects to this request on the grounds that it is overly broad in time. Subject to and without waiving the foregoing objection, Watlow

29

states that it will produce all plan documents in its possession, custody or control for the pension plans, 401(k) plans and other benefit plans it offered its employees between December of 1986 and 1995.

**Request for Production No. 9:** For the period from 1974 through 1995, produce plan documents for all health and medical benefit plans sponsored by Watlow for its employees and/or sales representatives.

ANSWER: Watlow objects to this request on the grounds that it is overly broad in time. Subject to and without waiving the foregoing objection, Watlow states that it will produce all plan documents in its possession, custody or control for the health and medical benefit plans it offered its employees and/or sales representatives between December of 1986 and 1995.

Dated: September 3, 2002

**GREENSFELDER, HEMKER & GALE, P.C.**

*MaryAnn L. Wymore*

MaryAnn L. Wymore, *pro hac vice*
Wendy M. Schumacher, *pro hac vice*
10 South Broadway, Suite 2000
St. Louis, Missouri 63102
Telephone (314) 241-9090
Facsimile (314) 241-9743


**GRAYDON HEAD & RITCHEY LLP**

*Harry J. Finke IV by WMS — per authorization*

Harry J. Finke IV (#0018160)
Trial Attorney for Defendant
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH 45201
Telephone (513) 621-6464
Facsimile (513) 651-3836


**Attorneys for Defendant Watlow Electric
Manufacturing Company**

31

STATE OF MISSOURI          )
                           ) ss
COUNTY OF ST. LOUIS        )

    Steve Bohnenkamp, having been duly sworn, states that he is the Vice President of Global Sales of the Defendant herein, Watlow Electric Manufacturing Company, that he has read Plaintiff's Combined Interrogatories, Requests for Admission and Requests for Production and that the foregoing responses thereto are true and correct according to his best knowledge, information and belief.

                                                     */s/ Steve Bohnenkamp*
                                                     Steve Bohnenkamp

Subscribed and sworn to before me this 3rd day of September, 2002.

                                                     */s/ Karen L. Baker*
                                                   Notary Public, Karen L. Baker

My commission expires: February 6, 2005
#554155v1

> KAREN L BAKER
> Notary Public - Notary Seal
> STATE OF MISSOURI
> ST. LOUIS COUNTY
> MY COMMISSION EXP. FEB. 6, 2005

32

## CERTIFICATE OF SERVICE

    The undersigned certifies that a true and correct copy of Defendant's Responses to Plaintiff's Combined Interrogatories, Requests for Admission and for Requests for Production were served on Edward S. Dorsey, Esq., Lindhorst & Dreidame, 312 Walnut Street, Suite 2300, Cincinnati, Ohio 45202, (Attorneys for Plaintiff), by enclosing same in an envelope addressed to said attorneys, and by depositing said envelopes with first-class postage thereon fully prepaid in a U.S. Post Office mailbox in St. Louis, Missouri, on the 3rd day of September, 2002.

#554155v1