Westlaw.

Not Reported in F.Supp.2d
(Cite as: 2003 WL 1142549 (W.D.Mich.))

Page 1

Only the Westlaw citation is currently available.

United States District Court,
W.D. Michigan,
Southern Division.

Charlene JACKSON, Plaintiff,
v.
UNUM LIFE INSURANCE COMPANY OF AMERICA, Defendant.

No. 1:02-CV-507.

Jan. 23, 2003.

Randall D. Fielstra, Randall D. Fielstra, P.C., Muskegon, MI, for Plaintiff.

J. Michael Smith, Miller, Johnson, Snell & Cummiskey, Grand Rapids, MI, for Defendant.

## OPINION

GORDON J. QUIST, District Judge.

*1 Plaintiff, Charlene Jackson ("Jackson"), has sued Defendant, UNUM Life Insurance Company of America ("UNUM"), under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 to 1461, for review of UNUM's denial of long-term disability benefits. Now before the Court is UNUM's motion for judgment based upon the administrative record. As set forth below, the Court will grant UNUM's motion for the reason that Jackson's complaint is untimely.

### Facts

Between 1985 and 1997, Jackson was employed by JSJ Corporation, d/b/a Michigan Plastic Products Company ("MPPC"), as an assembler-finisher. On May 30, 1997, Jackson applied for short-term disability benefits (STD) under an STD policy (the "Policy") issued to MPPC by UNUM. In her application, Jackson claimed that she became disabled on May 7, 1997, as a result of "arthritis, swelling, and pain when standing using hands." (Administrative R. at UACL 00205 (hereafter "A.R. at 00___").) UNUM initially approved STD payments to Jackson but declined to extend them beyond September 21, 1997, concluding that Jackson's medical records did not indicate a level of severity of impairments that would preclude her from returning to work after that date. (A.R. at 00147.) In May 1998, Jackson requested that her application for benefits be considered an application for long-term disability (LTD) benefits under the Policy.

On June 27, 1998, UNUM issued an initial denial of Jackson's application for LTD benefits. (A.R. at 00236-35.) UNUM notified Jackson in its letter denying her claim that she could appeal the decision by requesting a review within sixty days of her receipt of the letter. On October 5, 1998, Jackson's attorney requested an appeal of the decision and submitted for UNUM's review a copy of the transcript of the deposition testimony of Edward B. Trachtman, D.O., a physician who conducted an independent medical examination in connection with Jackson's worker's compensation claim. (A.R. at 00268-67.) On October 30, 1998, UNUM sent a letter to Jackson's attorney denying her appeal and affirming the initial determination to deny benefits. (A.R. at 00273-71.) UNUM also advised Jackson's attorney that he could submit additional information by December 31, 1998, "[o]therwise, [the] claims decision [would] be final." (Id . at 00271.) On November 6, 1998, Jackson's attorney wrote to UNUM, threatening suit as a result of the October 30, 1998, denial. (A.R. at 00275.) After further review of Jackson's medical records, UNUM made a settlement offer to Jackson by letter dated January 19, 1999. (A.R. at 00291-89.) Following Jackson's rejection of the offer, UNUM informed Jackson's attorney that UNUM's on site physician would review all medical information in Jackson's file. After conducting her review, Nancy A. Ball, M.D., the on site physician, concluded that Jackson was not disabled. (A.R. at 00307.) On June 9, 1999, UNUM wrote to Jackson's attorney informing him that based upon the on site physician's review, it

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
(Cite as: 2003 WL 1142549 (W.D.Mich.))

Page 2

was affirming its prior denial of benefits. Jackson did not take further action on the matter until July 12, 2002, when she filed the instant suit.

### Discussion

*2 The Policy contains the following provisions relevant to the Court's consideration of the instant motion:

DISABILITY

When the Company receives proof that an insured is disabled due to sickness or injury and requires the regular attendance of a physician, the Company will pay the insured a monthly benefit after the end of the elimination period. The benefit will be paid for the period of disability if the insured gives to the Company proof of continued:
1. disability; and
2. regular attendance of a physician.
(Policy at L-BEN-1.)

LEGAL PROCEEDINGS

A claimant or the claimant's authorized representative cannot start any legal action:
1. until 60 days after proof of claim has been given; nor
2. more than 3 years after the time proof of claim is required.
(*Id.* at L-GPP-3.) The "elimination period" under the Policy begins on the first day of disability and continues for 180 days thereafter. (*Id.* at L-PS-1, L-DEF-1.) Proof of claim must be furnished to UNUM "no later than 90 days after the end of the elimination period." (*Id.* at L-GPP-2.)

ERISA does not contain a statute of limitations for claims seeking benefits under a plan governed by ERISA. Thus, courts have held that the appropriate limitations period for claims for benefits is the limitations period prescribed for breach of contract actions in the state in which the claim is brought. *See Meade v. Pension Appeals & Rev. Comm.,* 966 F.2d 190, 194-95 (6th Cir.1992) (concluding that the Ohio statute of limitations for breach of contract actions was the most analogous state law statute of limitations to the plaintiff's claim for benefits); *Alcorn v. Raytheon Co.,* 175 F.Supp.2d 117, 120 (D.Mass.2001) ("Ordinarily a claim for benefits under an ERISA plan is governed by the statute of limitation prescribed for contract actions in the state in which the claim is brought."). Courts have also recognized that in the ERISA context, as with other types of contractual arrangements, the parties may agree upon a shorter limitations period, so long as the period is not unreasonably short. *Doe v. Blue Cross & Blue Shield United of Wisc.,* 112 F.3d 869, 873 (7th Cir.1997); *Wilkins v. Hartford Life & Accident Ins. Co.,* 299 F.3d 945, 948 (8th Cir.2002) ; *Northlake Reg'l Med. Ctr. v. Waffle House Sys. Employee Benefit Plan,* 160 F.3d 1301, 1303 (11th Cir.1998). The limitations period contained in the Policy is three years, a period which has been held to be reasonable in other ERISA cases involving disability policies. *See Wilkins,* 299 F.3d at 948; *Alcorn,* 175 F.Supp.2d at 122; *Hembree ex. rel. Hembree v. Provident Life & Accident ins. Co.,* 127 F.Supp.2d 1265, 1269 (N.D.Ga.2000); *Allen v. Unionmutual Stock Life Ins. Co. of Am.,* 989 F.Supp. 961, 965 (S.D.Ohio 1997). This Court also finds three years to be a reasonable period of time. [FN1]

FN1. The Court also notes that Jackson does not argue that the three- year period is unreasonable.

The remaining question is when Jackson's claim accrued. "When an ERISA claim is governed by a state statute of limitations, the cause of action accrues, for limitations purposes, when the plan administrator formally denies the claim for benefits, unless there was a 'repudiation by the fiduciary which is clear and made known to the beneficiary.' " *Wilkins,* 299 F.3d at 948-49 (quoting *Bennett v. Federated Mut. Ins. Co.,* 141 F.3d 837, 839 (8th Cir.1998)); *see also Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program,* 222 F.3d 643, 649 (9th Cir.2000) ("We hold that under federal law, an ERISA cause of action accrues either at the time benefits are actually denied, or when the insured has reason to know that the claim has been denied." (citations omitted)). The limitations provision in the Policy provides that the three-year period begins to run when the time for providing proof of claim expires. Under this provision, the claim would accrue prior to any formal denial by UNUM. If the limitations provision is applied as written, Jackson's claim would be tardy by approximately seventeen months, because the elimination period began to run in early May 1997 and expired in early November 1997,

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
(Cite as: 2003 WL 1142549 (W.D.Mich.))

Page 3

and the time for submitting proof of claim expired in early February 1998. Thus, to be timely, Jackson would have been required to file suit by early February 2001. Jackson did not file suit until July 12, 2002.

**\*3** UNUM cites an unpublished decision by the Sixth Circuit, *Clark v. NBD Bank, N.A.,* No. 99-1757, 2001 WL 180971 (6th Cir. Feb. 15, 2001) (per curiam), as support for its position that Jackson's claim accrued upon expiration of the time for submitting proof of claim. The policy in *Clark* contained a three-year limitation provision with substantially the same language as the provision at issue in this case. The plaintiff alleged that she became disabled in 1992, that she submitted a claim for disability benefits that same year, and that the defendant never denied the claim. *Id.* at \*1. The defendant presented evidence which refuted the plaintiff's claim that she filed an application in 1992. *Id.* In 1995, the plaintiff submitted another application for benefits, which the defendant denied. *Id.* Less than three years after the 1995 denial, the plaintiff filed suit alleging a claim for benefits. *Id*. The district court granted the defendant's motion for summary judgment on the basis that the plaintiff's claims were untimely under the three-year limitation provision in the policy, and the Sixth Circuit affirmed. In its opinion, the Sixth Circuit stated: "In this case, the proof of loss was due, at the latest, on October 29, 1992 (nine months after the disabling event). Clark was required, therefore, to file this lawsuit by October 28, 1995." *Id.* at \*2. Thus, the court implicitly held that a formal denial of the claim is not always necessary in order trigger the limitations period. The court in *Hall v. Employee Benefits Manager Analytical Technologies, Inc.,* No. IP 00-1058 C-T/K, 2001 WL 1708828 (S.D.Ind. Dec. 14, 2001), reached a similar result, concluding that the plaintiff's claim for benefits was barred by a three-year limitations provision which commenced at the end of the period for submitting proof of loss or notice of claim. In light of the provision, the court rejected the plaintiff's assertion that the three-year period did not begin to run until final denial of the claim. *Id.* at \*3. The court cited *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 874 (7th Cir.1997), which gave effect to a contractual limitations period which began to run prior to the denial of the claim. *Hall,* 2001 WL 1708828, at \*3. However, at least one court has held, in spite of similar language providing for accrual prior to final denial, that the three-year limitations period begins to run when the plaintiff was unequivocally notified that her claim was denied. *See Yuhas v. Provident Life & Cas. Ins. Co.,* 162 F.Supp.2d 227, 231-32 (S.D.N.Y.2001).

In this case, it is unnecessary for the Court to determine whether the claim accrued prior to a formal denial by UNUM, because Jackson's complaint was untimely regardless of which accrual date is used. As noted above, UNUM issued its initial denial on June 27, 1998. In that letter, UNUM advised Jackson that it had made a "final determination" regarding her eligibility for benefits and stated that it could not approve Jackson's claim for benefits. Jackson subsequently appealed that decision and submitted additional information from her worker's compensation case for UNUM to consider. UNUM denied the appeal on October 30, 1998, and informed Jackson that "the denial on [her] claim was appropriate." The October 30, 1998, letter to Jackson constituted an unequivocal final denial of Jackson's claim which would start the running of the limitations period in the absence of any contractual limitations provision. In other words, UNUM had reviewed all of the evidence submitted by Jackson in support of her claim, and Jackson had fully exhausted the claim review process.

**\*4** Jackson argues that her claim was timely because the accrual date of her claim was July 30, 1999. In support of this argument, Jackson relies on UNUM's letter of June 9, 1999, in which UNUM stated that it would allow Jackson until July 30, 1999, to submit any additional proof in support of her claim and cautioned that "otherwise our claims decision will be considered final." (A.R. at 00313.) Jackson's argument must be rejected, because, as noted above, UNUM made a final determination on October 30, 1998. At that point, Jackson's only recourse was to file suit--a fact Jackson's attorney recognized in his November 6, 1998, letter to UNUM. Although UNUM continued to discuss Jackson's claim with her attorney and even made a settlement offer in order to resolve the matter short of a lawsuit, UNUM's acts did not somehow cause the limitations period to restart. If an offer to discuss compromise after the threat of a lawsuit somehow restarted the running of the limitations period, no insurer would ever be able to discuss a claim or engage in settlement discussions with a participant or an insured without extending the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Not Reported in F.Supp.2d  
(Cite as: 2003 WL 1142549 (W.D.Mich.))

Page 4

limitations period indefinitely. In fact, Jackson's rationale could even produce the absurd result of the limitations period not beginning to run until a final decision by the United States Supreme Court. Accordingly, UNUM's motion will be granted.

### Conclusion

For the foregoing reasons, the Court will grant UNUM's motion for judgment based upon the administrative record. [FN2]

> FN2. Although Jackson does not address her claim for breach of fiduciary duty claim except for noting that she has made such a claim, the Court concludes that the claim must fail because Jackson's breach of fiduciary duty claim is really a claim for benefits subject to the three- year limitation period. *See Wilkins v. Baptist Healthcare Sys., Inc.,* 150 F.3d 609, 613 n. 2 (6th Cir.1998).

An Order and Judgment consistent with this Opinion will be entered.

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works