UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MARLOW JORDAHL,** | ) | Case No. C-1-01-862 |
| | ) | (Dlott, J.) |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **DEFENDANT WATLOW ELECTRIC** |
| | ) | **MANUFACTURING COMPANY'S** |
| **WATLOW ELECTRIC** | ) | **REPLY BRIEF IN SUPPORT OF ITS** |
| **MANUFACTURING COMPANY,** | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| **Defendant.** | ) | |

COMES NOW Defendant Watlow Electric Manufacturing Company ("Watlow"), by and through its undersigned attorneys, and respectfully submits its Reply Brief in Support of its Motion for Summary Judgment.

## INTRODUCTION

Twenty-seven (27) years after entering into the first agreement with Watlow on April 16, 1974, expressly stating that he was an independent contractor ("First Agreement"), Plaintiff Marlow Jordahl ("Plaintiff") brings this claim for ERISA benefits. (Exh. 1, Exh. A, p.2 to Watlow's Motion.) The claim is untimely under any statute of limitations conceivably applicable to this case.

Based on the case law cited in Watlow's Motion *and* Plaintiff's opposition brief, it is clear that the statute of limitations that governs the instant claim is either Missouri's ten (10) year or Ohio's fifteen (15) year limitations periods for breach of contract actions. Mo. Rev. Stat. § 516.110(1) (2002); Ohio Rev. Code § 2305.06 (2002). Despite Plaintiff's allegations to the contrary, it is also clear that, regardless of which limitations period applies, the statute of limitations on Plaintiff's claim began to run in 1974 when Watlow classified Plaintiff as an

independent contractor. At a minimum, Plaintiff's claim began to run in early 1975, when Plaintiff's accountant expressly told him that he was an independent contractor and would not receive pension benefits from Watlow. In either case, Plaintiff's claims herein are significantly out of time.

Although overwhelming authority exists to support Watlow's position, Plaintiff tries to misdirect this Court by citing a variety of inapposite cases that involve either heightened accrual standards that are inapplicable herein, or theories that have been rejected in the ERISA context. Specifically, Plaintiff first opines that the instant cause of action did not accrue until after he acquired "actual knowledge" of his ERISA claim based on a district court case from Pennsylvania which analyzes a statute of limitations that even Plaintiff concedes is inapplicable herein. Plaintiff next suggests that his cause of action did not accrue until after Watlow formally denied his claim for benefits even though the clear weight of authority, including a district court case from within the Sixth Circuit, establish that Plaintiff's claim accrued when Watlow repudiated his right to benefits in the First Agreement. Finally, Plaintiff urges the Court to apply the "continuing violation theory" to toll the limitations period despite the fact that this theory has been repeatedly rejected in cases claiming ERISA misclassification. None of the arguments advanced by Plaintiff establish that Plaintiff's claim was timely filed; accordingly, Watlow is entitled to judgment as a matter of law.

## ARGUMENT

**A.  Plaintiff's Claim Accrued When He Knew Or Should Have Known Of The Facts Giving Rise To His Claim For Benefits; Not When He Acquired "Actual Knowledge" That He Had A Potential Claim For Benefits.**

To avoid the statute of limitations, Plaintiff erroneously cites Godshall v. The Franklin Mint Co., 285 F. Supp. 2d 628 (E.D. Pa. 2003), to argue that the statute of limitations was not

triggered until he acquired "actual knowledge" of his ERISA claim. (Opp. at p. 6.) Plaintiff's reliance on Godshall is disingenuous at best because Godshall was decided under the "actual knowledge" standard set forth in the specific statute of limitations included in ERISA for breach of fiduciary duty claims. Plaintiff's claim is not one for breach of fiduciary duty under ERISA. Accordingly, based on the case law, *and as Plaintiff concedes in his opposition papers*, the instant claim is governed by the applicable state limitations period for breach of contract actions.[1] (Opp. at p. 4.)

Godshall involved the ERISA statute of limitations found in 29 U.S.C.A. § 1113, which specifically governs breach of fiduciary duty claims. Id. at 635. Section 1113, unlike the limitations periods applicable to the instant claim, specifically provides that the statute of limitations is "three years after the earliest date on which the plaintiff had *actual knowledge* of the breach or violation." 29 U.S.C.A. 1113 (emphasis added). Applying this limitations period, the Eastern District of Pennsylvania concluded that there were insufficient facts to establish that the plaintiffs possessed *actual knowledge* of all facts necessary to understand that some claim existed under ERISA when they were originally retained as independent contractors. Id. at 636.

Although Plaintiff urges this Court to apply the Godshall rationale here, the exacting "actual knowledge" standard set forth in Godshall is not applicable in this case because neither the Missouri nor the Ohio breach of contract limitations periods contain an "actual knowledge" requirement. Rather, *as Plaintiff also concedes in his Opposition*, these limitations periods are

---

[1] Plaintiff contends that Ohio's fifteen (15) year limitations period governs the instant claim; however, the agreement pursuant to which Plaintiff was engaged by Watlow on July 19, 2001 contained a choice of law provision specifying that Missouri law applied to the contract. (Exh. 1, Exh. Q, p. 3 ¶ 5.) Regardless of which state's limitations period applies to the instant action, the authorities cited herein and in Watlow's Motion clearly establish that Plaintiff's claim accrued more than twenty seven (27) years ago and falls outside either limitations period.

governed by the federal "discovery rule" which provides that the statute of limitations begins to run when a party "discovers, or with due diligence should have discovered, the *injury* that is the basis of the action." (Opp. at p. 7.) Michigan United Food and Commercial Workers Unions v. The Muir Co., 992 F.2d 594, 597-98 (6th Cir. 1993) (citations omitted) (emphasis added). As set forth in more detail below, Plaintiff's claim is time-barred because Plaintiff discovered or should have discovered the facts that gave rise to the instant cause of action when he signed the First Agreement with Watlow in 1974 stating that he was an independent contractor.

In any event, even if Plaintiff's claim were somehow governed by the "actual knowledge" standard set forth in Godshall, Plaintiff's claim still would be untimely. The Sixth Circuit has repeatedly refused to follow the minority view, espoused in Godshall, which provides that the ERISA "actual knowledge" requirement tolls the statute of limitations until the plaintiff knows the actions he complains of constitute an ERISA violation. Wright v. Heyne, 349 F.3d 321, 330 (6th Cir. 2003). Rather, the Sixth Circuit specifically has held that the "relevant knowledge required to trigger the statute of limitations under 29 U.S.C. § 1113(2) is knowledge of the facts or transaction that constitute the alleged violation; *it is not necessary that the plaintiff also have actual knowledge that the facts establish a cognizable legal claim under ERISA in order to trigger the running of the statute*." Id (emphasis added). Here, it is clear that Plaintiff had actual knowledge that he was not entitled to pension benefits more than two decades ago, in the spring of 1975, when he reviewed his 1974 tax returns with his accountant. See Plaintiff's Deposition at pp. 88-91; a true and correct copy of which is attached to Watlow's Motion as Exhibit 2 and hereinafter referred to as "Exh. 2, p. __."[2]

---

[2] Moreover, even if Plaintiff had attempted to bring a breach of fiduciary claim, any such claim has long been extinguished because Section 1113 contains a six-year statute of repose. Radford

**B.    A Formal Denial Of Benefits Is Not Necessary To Trigger The Statute Of Limitations; All That Is Required Is A Repudiation By The Fiduciary.**

Despite admitting that the "discovery rule" applies to the instant case, Plaintiff nevertheless argues that his claim for ERISA benefits did not accrue until there was a formal denial of his right to pension benefits by Watlow.[3]  To bolster this tenuous position, Plaintiff cites to a handful of cases containing one sentence quotes regarding the general rule for accrual of ERISA causes of action.  Plaintiff's reliance on these authorities is misleading because not one of these cases specifically analyzed whether, in the context of an action alleging misclassification, a claim for ERISA benefits could have arisen earlier; *i.e.*, before a formal denial of benefits.  Stevens v. Employer-Teamster Joint Council No. 84 Pension Fund, 979 F.2d 444, 451-55 (6th Cir. 1992) (finding that no jurisdiction existed for ERISA claim because the acts and omissions that gave rise to claim occurred before ERISA was enacted); Allen v. Unionmutual Stock Life Ins. Co., 989 F.Supp. 961, 964 (S.D. Ohio 1997) (holding that claim was time-barred by contractual limitations period contained in policy because it arose years after formal denial of benefits); Haynes v. O'Connell, 599 F.Supp. 59, 62 (E.D. Tenn. 1984) (denying motion for summary judgement because fact questions existed as to whether further communications, which occurred <u>after</u> formal denials were made, could be read to have altered the earlier denial).

---

v. General Dynamics Corp., 151 F.3d 396 (5th Cir. 1998) (citing Lampf v. Gilbertson, 501 U.S. 350, 363 (1991)).

[3] To date, Plaintiff has not filed a claim for benefits.  Nor has Plaintiff named Watlow's ERISA plan as a defendant herein.  Under Plaintiff's argument, therefore, his complaint should be dismissed in any event and judgment entered in favor of Watlow because Plaintiff wholly has failed to exhaust his administrative remedies as required under ERISA.  Coomer v. Bethesda Hospital, Inc., 2004 U.S. App. LEXIS 10618, 7-8 (6th Cir. 2004) (holding that "the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court").

Not only do Plaintiff's cases fail to address the pertinent issue, Plaintiff completely ignores the voluminous authorities that clearly show a claim for ERISA benefits accrues *either* when a formal denial is made *or* when there has been a clear repudiation of those benefits by the fiduciary. Tinley v. Gannett Co., Inc., 2003 U.S. App. LEXIS 299, 12 (3rd Cir. 2003) (holding that limitations period on claim for past ERISA benefits may accrue before a formal denial for benefits if there has been a repudiation by the company that was clear and made known to the beneficiaries); Daill v. Sheet Metal Workers' Local 73 Pension Fund, 100 F.3d 62, 66 (7th Cir. 1996) (same); Union Pacific R. Co. v. Beckham, 138 F.3d 325, 330 (8th Cir. 1998) (same); Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643, 649 (9th Cir. 2000) (same).  See also Miles v. New York State Teamsters Conf. Pension & Retirement Fund Employee Pension Benefit Plan, 698 F.2d 593, 598 (2nd Cir. 1983) (finding that limitations period on claim for past ERISA benefits accrues when there has been a repudiation that was clear and made known to the beneficiaries); Cotter v. E. Conf. of Teamsters Ret. Plan, 898 F.2d 424, 429 (4th Cir. 1990) (holding that absent a formal claim and a formal denial of the claim, a beneficiary's cause of action accrues at "the time at which some event other than a denial of a claim should have alerted [the beneficiary] to his entitlement to the benefits he did not receive"). Indeed, one of Plaintiff's own cases expressly notes that:

> The Fifth Circuit is the only one that strictly adheres to the holding that the earliest point at which an ERISA claim for benefits can accrue is the date on which benefits were denied by the fiduciary. Every other circuit that has addressed this issue has held that the explicit denial of benefits by the fiduciary is the *latest* possible point at which an ERISA claim for benefits can be found to accrue, not the *earliest*.

(Opp. at p.8); Thomas v. Smithkline Beecham Corp., 297 F. Supp. 2d 773, 783-84 (E.D. Pa. 2003) (citations omitted). See also Brennan v. Metropolitan Life Ins. Co., 275 F.Supp. 2d 406,

409 (S.D.N.Y. 2003) (citations omitted) (noting that "all of the district courts that have considered claims made by individuals who were classified or treated as independent contractors have held that the statute of limitations begins to run when the beneficiary first learns that she is considered an independent contractor and is therefore not entitled to benefits").

While Plaintiff urges this Court to ignore the clear weight of authority to the contrary and adopt the minority viewpoint as the law of this case, the "repudiation standard" that Plaintiff attacks stems directly from the "discovery rule" that Plaintiff concedes is applicable to the instant claim. (Opp. at 7.); also see e.g. Bennett v. Federated Met. Ins. Co., 141 F.3d 837, 838 (8th Cir. 1998). Moreover, at least one district court within the Sixth Circuit already has addressed this issue and determined that a formal denial is not necessary to trigger the statute of limitations on a claim for ERISA benefits. In Jackson v. UNUM Life Ins. Co. of America, the District Court for the Eastern District of Michigan held that when an ERISA claim is governed by a state statute of limitations, the cause of action accrues for limitations purposes when the plan administrator formally denies the claim for benefits *or* there is a repudiation by the fiduciary which is clear and made known to the beneficiary. 2003 WL 1142549, 2 (E.D. Mich. 2003) (citing Wilkins v. Hartford Life & Accident Ins. Co., 299 F.3d 945, 948 (8th Cir. 2002) and Wetzel v. Lou Ehlers Cadillac Group Long Term Disability Ins. Program, 222 F.3d 643, 649 (9th Cir. 2000)). Given the clear weight of authority (including a case from within the Sixth Circuit) supporting the repudiation standard and the fact that Plaintiff concedes that the discovery rule applies in this case, it is clear that Watlow repudiated Plaintiff's pension benefits at the start of Plaintiff's independent contractor relationship with Watlow in 1974 thus triggering accrual of Plaintiff's claim herein.

The clear and express language that Plaintiff was an independent contractor contained in the First Agreement, dated April 16, 1974, constituted a repudiation by Watlow that was sufficient to trigger the statute of limitations. In fact, when faced with virtually identical facts, the United States Court of Appeals for the Eighth Circuit held that a claim for past ERISA benefits began to run when the individual entered into the very first independent contractor agreement. Kienle v. Hunter Engineering Co., 24 F. Supp. 2d 1004, 1006 (E.D. Mo. 1998), aff'd, 187 F.3d 641 (8th Cir. 1999) (holding that claim for ERISA benefits was time-barred because the cause of action accrued on the date the individual initially entered into the sales representative agreement). Similarly, the District of Minnesota recently held that:

> Kryzer knew, or should have known, that the Plan would not consider him eligible for benefits under the Plan when he signed the first independent contractor agreement that clearly provided that he would not be considered an employee of Vision-Ease. He thus should have known that at the time, the Plan would repudiate any and all claims he would make for benefits.

Kryzer v. BMC. Profit Sharing Plan, 2001 U.S. Dist. LEXIS 18300, 1-2 (D. Minn. 2001).

While the facts of these cases are virtually identical to the instant case, Plaintiff nevertheless opines that these decisions are distinguishable because the First Agreement failed to specifically state that Plaintiff was not eligible for pension benefits and, therefore, the typical layman would not have understood that he was not entitled to these benefits. (Opp. at 8-9.) This argument is flawed for two equally compelling reasons. First, the courts in Kienle and Kryzer both held that the individuals were aware, or should have been aware, of the facts giving rise to their claim once they were identified in their contracts as independent contractors and not employees. Kienle, 24 F.Supp.2d at 1006; Kryzer, 2001 U.S. Dist. Lexis at 1-2. Neither of these agreements expressly stated that the individual was not entitled to pension benefits. Id. Plaintiff similarly cannot claim that he lacked the requisite knowledge in this case simply

because there was no language in the First Agreement indicating that he was not entitled to pension benefits. Independent contractor status and employee status are mutually exclusive classifications. Thus, the rationale of Kienle and Kryzer should apply here.

Second, Plaintiff *actually knew* that he was not entitled to pension benefits after he reviewed his 1974 tax returns with his accountant in the spring of 1995. (Exh. 2, pp. 88-89.) During his deposition, Plaintiff testified:

> Q:   Did there ever come a point in time when you did start focusing on the pension question and asked Watlow to give you pension benefits?
> A:   I don't -- I don't recall. I do recall -- I will try to answer your question and say that I don't recall Watlow -- having conversations in that regard with Watlow, but I did have conversations in that regard with my accountant at some point.
> Q:   And who was your accountant?
> A:   I don't have this guy any more. Don't ask me his name.
> Q:   You don't recall his name?
> A:   No, I don't. It was back in 1970 -- the spring of '75 when I was filing '74. I don't even know -- I can't think of his name.
> Q:   So you can't remember his name, but you do recall in or about the spring of '75 you spoke with your accountant regarding the lack of pension benefits and that kind of thing?
> A:   Well, not just pension, but overall….

(Exh. 2, p. 88, l. 1-20.) Plaintiff further admitted that:

> Q:   But this was explained to you by your accountant when you --
> A:   Yeah.
> Q:   -- went to see him--
> A:   Yeah.
> Q:   -- in early '75?
> A:   Yeah.
> Q:   So that's when you learned about payroll taxes and no pension benefits and all of that?
> A:   Yeah….

(Exh. 2, p. 90, l. 19-24; p. 91, l. 1-5.) Plaintiff's deposition testimony alone makes specious any claim that he did not know he was not entitled to pension benefits. Even more disingenuous, Plaintiff dismisses the fact that, solely because of his status as an independent contractor, he set up and funded his own tax-deferred Keogh plan for self-employed individuals which is now

716739v2                                9

worth nearly one million dollars. (Exh. 2, pp. 595-596 and 601.) That fact also reveals Plaintiff's knowledge and understanding that he was not entitled to pension benefits.[4]

In view of the above-cited facts and case authorities, it is crystal clear that Plaintiff not only is deemed to have knowledge but actually knew and understood more than 27 years before he filed the instant claim that he had been classified as an independent contractor and not an employee and that he was not entitled to pension benefits. As such, Plaintiff's claim is barred by the relevant limitations period.

### C. Plaintiff's "Continuing Violation" Theory Has Been Expressly Rejected In The ERISA Context.

Plaintiff next posits that his claim should survive the statute of limitations under a "continuing violation" theory. Such theory is unavailing as it has been expressly rejected by several courts in ERISA misclassification cases.[5] In fact, at least three different courts have explicitly refused to apply the continuing violation theory to claims for past ERISA benefits stemming from the alleged misclassification of an individual as an independent contractor rather than an employee. For example, in Tinley v. Gannett Co., Inc., former newspaper haulers

---

[4] Plaintiff erroneously insists that his Keogh plan has no bearing on the instant dispute. The mere existence of this Plan, however, goes directly to Plaintiff's state of mind. Moreover, the ultimate award of pension benefits that Plaintiff seeks in this case is inconsistent with Plaintiff's Keogh plan. In fact, if this Court ultimately determines that Plaintiff was an employee rather than an independent contractor, Plaintiff's contributions to his Keogh plan (which are currently valued at more than double the ERISA benefits he seeks from Watlow) should be disallowed by the Internal Revenue Service as improper and fraudulent. If not disallowed, they would wholly offset any damages Plaintiff alleges to have incurred based on his classification as an independent contractor for Watlow.

[5] The two cases on which Plaintiff relies in an attempt to support his continuing violation theory are inapposite in that both cases involved civil rights discrimination claims, not claims for ERISA benefits. See Dixon v. Anderson, 928 F.2d 212 (C.A. 6 1991) (involving claims of discrimination under the equal protection clause of the fourteenth amendment); National Railroad Passenger Corp. v. Michigan, 536 U.S. 101 (2002) (dealing with claim for hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. § 2000e).

brought claims for past ERISA benefits against the newspaper's owner alleging that they were improperly classified as independent contractors rather than employees. 55 Fed.Appx. 74, 75-76 (3$^d$ Cir. 2003). The newspaper owner filed a motion for summary judgment arguing the haulers' claims were barred by the statute of limitations. Id. In upholding the district court's award of summary judgment to the newspaper owner, the United States Court of Appeals for the Third Circuit specifically rejected the haulers' argument that the statute of limitations was tolled because the violation was ongoing and held that "when there has been an outright repudiation of the plaintiffs' rights, the statute of limitations runs as of the time of the repudiation." Id. at 79. Similarly, the United States District Court for the Southern District of New York recently held that the alleged misclassification of an employee does not constitute a continuing violation because this "interpretation of the continuing violation doctrine would lead to the illogical result that no claim [] could ever be time-barred, since every termination and every 'mis-classification' has the 'continuing' effect of rendering an individual ineligible to receive employment benefits." Schultz v. Texaco Inc., 127 F. Supp. 2d 443, 447 (S.D.N.Y. 2000). See also Armbruster v. K-H Corp., 206 F.Supp.2d 870, 889 (rejecting "installment contract" theory where the plaintiff attempted to characterize each month's failure to pay benefits as a separate injury because it would allow claims to continue indefinitely and "run contrary to the policies underlying statutes of limitations"). Given the clear weight of authority to the contrary, it is clear that Plaintiff cannot rely on the "continuing violation" theory to revive his extinguished claim.

## CONCLUSION

Plaintiff's claim for ERISA benefits herein fails as a matter of law because Plaintiff cannot establish any facts that avoid operation of the statute of limitations to bar his alleged claim herein. Accordingly, based on the foregoing facts and authorities, as well as those contained in Watlow's moving papers, Watlow respectfully requests that the Court enter an Order granting Watlow's Motion for Summary Judgment, dismissing Plaintiff's Complaint in its entirety with prejudice, and granting any such other and further relief this Court deems just and proper.

Dated: June 10, 2004                                **GREENSFELDER, HEMKER & GALE, P.C.**

**/s/ Mary Ann L. Wymore**
Mary Ann L. Wymore, *pro hac vice*
Wendy M. Menghini, *pro hac vice*
10 South Broadway, Suite 2000
St. Louis, Missouri  63102
Telephone (314) 241-9090
Facsimile (314) 241-9743

Harry J. Finke IV (#0018160)
Graydon Head & Ritchey LLP
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH  45201
Telephone (513) 621-6464
Facsimile (513) 651-3836

**Attorneys for Defendant Watlow Electric Manufacturing Company**

## CERTIFICATE OF SERVICE

      I hereby certify that on June 10, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Edward S. Dorsey, Esq., Lindhorst & Dreidame, Suite 2300, 312 Walnut Street, Cincinnati, Ohio 45202-4091, Trial Attorney for Plaintiff.

                                    **/s/ Mary Ann L. Wymore**
                                    Mary Ann L. Wymore, *pro hac vice*
                                    10 South Broadway, Suite 2000
                                    St. Louis, Missouri 63102
                                    Telephone (314) 241-9090
                                    Facsimile (314) 241-9743