UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **MARLOW JORDAHL,** | ) | Case No. C-1-01-862 |
| | ) | (Dlott, J.) |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **DEFENDANT WATLOW ELECTRIC** |
| | ) | **MANUFACTURING COMPANY'S** |
| **WATLOW ELECTRIC** | ) | **MOTION FOR ATTORNEYS' FEES** |
| **MANUFACTURING COMPANY,** | ) | **AND NON-TAXABLE COSTS** |
| | ) | |
| **Defendant.** | ) | |

COMES NOW Defendant Watlow Electric Manufacturing Company ("Watlow"), by and through its undersigned attorneys, and respectfully moves the Court for an award of attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 54(d) and 29 U.S.C. § 1132(g)(1). Watlow's Motion is supported by the accompanying memorandum, pleadings, affidavits, and depositions filed in this action. Watlow's Motion for Summary Judgment and subsequent supporting Reply Memorandum are incorporated by reference herein.

WHEREFORE, Defendant Watlow Electric Manufacturing Company respectfully prays for an Order:

1. Awarding Watlow its reasonable attorneys' fees in the amount of One Hundred Twenty Thousand Eighty-seven Dollars ($120,087.00) against Plaintiff pursuant to 29 U.S.C. § 1132;

2. Awarding Watlow it's costs incurred in this litigation in the amount of Twenty-three Thousand Seven Hundred Four Dollars and Seventy Cents ($23,704.70); and

3. For such other and further relief as the Court deems just and proper.

746468v1

Respectfully submitted,

Dated:  October 13, 2004    **GREENSFELDER, HEMKER & GALE, P.C.**


**/s/ Mary Ann L. Wymore**
Mary Ann L. Wymore, *pro hac vice*
Wendy M. Menghini, *pro hac vice*
10 South Broadway, Suite 2000
St. Louis, Missouri  63102
Telephone (314) 241-9090
Facsimile (314) 241-9743

Harry J. Finke IV (#0018160)
Graydon Head & Ritchey LLP
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH  45201
Telephone (513) 621-6464
Facsimile (513) 651-3836


**Attorneys for Defendant Watlow Electric Manufacturing Company**

## MEMORANDUM IN SUPPORT OF MOTION
## FOR ATTORNEYS' FEES AND COSTS

### INTRODUCTION

Plaintiff Marlow Jordahl brought the above action for benefits under ERISA against Defendant Watlow Electric Manufacturing Company "Watlow," claiming that he was entitled to pension benefits despite the fact that he signed a contract with Watlow that designated him as an independent contractor more than thirty (30) years ago. The Court granted Watlow's motion for summary judgment, holding that Jordahl's claims are time-barred because, at the latest, he was aware of his status as an independent contractor at the time he signed the first contract with Watlow in 1974, and that this meant he would not receive pension benefits when he met with his accountant in 1975. A true and correct copy of the Court's Summary Judgment order ("Order") is attached hereto as **Exhibit A** and incorporated herein by reference. Watlow now seeks to recover its attorneys fees incurred in the defense of this action.

The record is clear that Jordahl understood he would not receive benefits under Watlow's plan. He intentionally took advantage of benefits that are available only to those who are self employed, and otherwise acted in a manner that shows he not only knew he was not an "employee" of Watlow, but that he did not want to be an "employee." Jordahl feathered his nest as an independent contractor and waited 27 years to file suit against Watlow alleging erroneous classification. Accordingly, an award of attorneys' fees and costs herein is propoer.

### ARGUMENT

Watlow is entitled to its attorneys' fees and costs incurred in defending this lawsuit pursuant to 29 U.S.C. § 1132(g)(1), which allows a court to award reasonable attorneys' fees and costs of the action to any party in an action brought under ERISA. The statute gives broad

746468v1                          3

discretion to the Court in determining whether to award attorneys' fees. Id. See also, Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985).

The Sixth Circuit has developed a five-factor test that the Court should use in its analysis of whether a party is entitled to attorneys fees in actions brought under ERISA. Those factors are: "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions." King, 775 F.2d at 669. In applying the factors, "no single factor is determinative." Maurer v. Joy Technologies, Inc., 212 F.3d 907, 919 (6th Cir. 2000). In this case, all of the factors weigh heavily in favor of awarding attorneys' fees to Watlow.

First, Plaintiff Jordahl acted in bad faith by bringing this lawsuit against Watlow twenty-six years after he knew he was not entitled to pension benefits. As this Court noted in its Order granting summary judgment at page 1, Jordahl was first hired by Watlow as an employee in 1973. For that time period, he was paid as an employee and made contributions towards pension benefits. Id. at 2. In April of 1974, he accepted a position as an independent contractor, for which he was paid differently. For instance, Watlow did not pay Social Security for Watlow. His accountant explained the difference between being an independent contractor and an employee, and based on this explanation, Jordahl later set up a Keogh Plan which is now worth approximately one million dollars. Id. at 2, Excerpt from Jordahl Depo, attached hereto as **Exhibit B** at 595-601.

More telling, Jordahl actually lobbied Watlow to keep his status as an independent contractor so that he could retain retirement benefits that are only available to those who are self-employed. See Order at 6. After taking advantage of his status as an independent contractor for years, and only after being terminated from Watlow[1], Jordahl sued Watlow for allegedly erroneously classifying him as an independent contractor in an attempt to obtain retirement benefits he himself had told the company he did not want. The retaliatory and bad faith nature of this lawsuit is apparent.

The second factor also weighs in favor of awarding fees to Watlow. The documentation in this case proves that Jordahl's Keogh Plan alone is worth approximately one million dollars. See Exhibit B. He clearly has sufficient funds to pay Watlow's attorneys fees and costs in this case.

Third, awarding fees to Watlow will deter other independent contractors from taking advantage of their status as an independent contractor and then attempting to obtain pension benefits as an employee well after the fact. As an independent contractor, Jordahl was able to create a Keogh plan to fund his retirement. An independent contractor, such as Jordahl, should not be allowed to benefit from that status and then decades later attempt to extract additional employment benefits inconsistent with the nature of the engagement. Awarding Watlow attorneys' fees will help to deter other independent contractors from attempting to take advantage of the system and end up with two separate retirement plans at the expense of employers in a similar position to Watlow.

Fourth, Jordahl was not arguing on behalf of a class. In fact, he did not even name the Plan as a party in this lawsuit. Rather, he brought this suit in an attempt to make more money

---

[1] In 1997, Jordahl ended his engagement as an independent contractor for Watlow and accepted a new position as a Watlow employee. Jordahl held that position until 2001, at which time Watlow terminated his employment. See

solely for himself after his employment was terminated. The only time Jordahl did argue on behalf of an entire class of independent contractors, he was making an argument that is directly contrary to the position he has taken in this litigation. See Order at 6. It is clear that the only interests Jordahl is attempting to advance are his own.

Finally, the strength, or lack thereof, of Jordahl's case warrants an award of attorneys' fees to Watlow. Regardless of which statute of limitations (Missouri or Ohio) applied in this case, it was clear that Jordahl's claim fell outside both statutes. He waited 27 years to file his claim when the longest possible statute of limitations is 15 years. See Exhibit A at p. 4, n.1. Furthermore, Jordahl brought this case against Watlow despite the fact that numerous other counts had addressed, and definitively rejected, the exact claim Jordahl made against Watlow. See, Kryzer v. BMC. Profit Sharing Plan, 2001 U.S. Dist. LEXIS 18300, 1-2 (D. Minn. 2001) ("Kryzer knew, or should have known, that the Plan would not consider him eligible for benefits under the Plan when he signed the first independent contractor agreement that clearly provided that he would not be considered an employee of Vision-Ease. He thus should have known that at the time, the Plan would repudiate any and all claims he would make for benefits."); see also other cases cited in Watlow's Memorandum in Support of its Motion for Summary Judgment and Reply in support of same. The fact that Watlow is a prevailing party and won on summary judgment further supports the fact that Jordahl's claim was without merit.

As all five of the factors set forth by the Sixth Circuit for determining whether a party should be awarded attorneys' fees in an ERISA case weigh heavily in favor of awarding attorneys' fees to Watlow, this Court should award Watlow its reasonable attorneys' fees as allowed by 29 U.S.C. § 1132.

---

Order at 2.

Watlow reasonably incurred attorneys' fees in the amount of $120,087.00 as of October 12, 2004.  In addition, Watlow will incur more fees in connection with the preparation and defense of this Motion.  Watlow's costs associated with this matter amount to $23,704.70.

## CONCLUSION

Based on the foregoing facts and authorities, Watlow Electric Manufacturing Company is entitled to recover from Plaintiff Marlow Jordahl its reasonable attorneys' fees and costs associated with this action in the total amount of $143,791.70, plus any additional fees incurred in arguing this motion.

Respectfully submitted,

Dated:  October 13, 2004              **GREENSFELDER, HEMKER & GALE, P.C.**

**/s/ Mary Ann L. Wymore**
Mary Ann L. Wymore, *pro hac vice*
Wendy M. Menghini, *pro hac vice*
10 South Broadway, Suite 2000
St. Louis, Missouri  63102
Telephone (314) 241-9090
Facsimile (314) 241-9743

Harry J. Finke IV (#0018160)
Graydon Head & Ritchey LLP
1900 Fifth Third Center
P.O. Box 6464
Cincinnati, OH  45201
Telephone (513) 621-6464
Facsimile (513) 651-3836

**Attorneys for Defendant Watlow Electric Manufacturing Company**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 13, 2004, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Edward S. Dorsey, Esq., Lindhorst & Dreidame, Suite 2300, 312 Walnut Street, Cincinnati, Ohio 45202-4091, Trial Attorney for Plaintiff.

      **/s/ Mary Ann L. Wymore**
Mary Ann L. Wymore, *pro hac vice*
Wendy M. Menghini, *pro hac vice*
10 South Broadway, Suite 2000
St. Louis, Missouri  63102
Telephone (314) 241-9090
Facsimile (314) 241-9743